**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEN TITTLE, on Behalf of Himself and All Others Similarly Situated, | : | Civil Action No. 1:15-cv-10889 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| VTECH ELECTRONICS NORTH AMERICA, LLC, | : | |
| | : | |
| Defendant. | : | |

**UNOPPOSED AMENDED MOTION TO REASSIGN RELATED CASES**

Plaintiff hereby files this Amended Motion in order to include in its request to reassign related cases an action that was filed subsequent to his initial motion. Pursuant to Local Rule 40.4 of the U.S. District Court Plaintiff Ken Tittle ("Tittle" or "Plaintiff") hereby moves to relate and reassign *Bran v. VTech Electronics North America, L.L.C.*, *et al.*, 15-cv-10891, currently assigned to John Robert Blakey, *Donnell v. VTech Electronics North America, L.L.C., et al.*, 15-cv-11280, currently assigned to Honorable Milton I. Shadur, and *Dashnau v. VTech Electronics North America, L.L.C., et al.*, 15-cv-11620, currently assigned to Honorable Ronald A. Guzman, to the calendar of the Honorable Manish S. Shah on the basis of relatedness to the earlier numbered above-captioned consumer class action, *Tittle v. VTech Electronics North America LLC,* 15-cv-10889, currently pending before Judge Shah.[1]

I.    **STATEMENT OF FACTS**[2]

Vtech Electronics North America, LLC ("VTech") markets and distributes throughout the United States electronic learning products for children of all ages, including children's tablets and other electronic playsets. *Tittle* Compl. at ¶12. Such products include a range of tablets marketed under the name "InnoTab", the Tote & Go Laptop, MobiGo, V.Reader, and ABC Learning Classroom products (collectively the "Products"). *Id.* at ¶10. The Products utilize software and features that are obtained online and distributed by VTech through online services and portals operated by VTech. *Id. at* ¶13. The primary portal through which VTech offers this software and online service is marketed as the "Learning Lodge." *Id.* at ¶10. In order for the consumer to obtain and use the software and online features, VTech required consumers, including Plaintiff, to provide their personal information to VTech and register with the various

---

[1] Pursuant to Local Rule 40.4 a copy of the complaint in each of the *Bran* and *Donnell* cases has been annexed hereto as Exhibit 1 and Exhibit 2, respectively.

[2] Citations to the complaint filed on December 3, 2015 by Plaintiff Tittle (the "Tittle Complaint") shall appear in the following format: "Tittle Compl. at ¶ ."

VTech software portals, including the Learning Lodge. *Id. at* ¶14. VTech further solicited and obtained the personal information of children, by enabling independent accounts for children users. *Id.* VTech stored the personal information it obtained from the users, including those of children, on servers that it owned, operated and controlled. Moreover, premium models of the Products, including the InnoTab 3S Plus and Innotab Max, encouraged, and provided, online communications between the premium products and other online devices between children and their parents through a feature and service marketed as "Kid Connect." *Id. at* ¶15. These online communication features operated through services owned and controlled by VTech, and were designed by VTech such that the communications are transmitted to and from servers owned and operated by VTech. *Id.*

Defendant has publicly acknowledged that on November 14, 2015, VTech's Learning Lodge and Kid Connect databases were hacked and accessed by an unauthorized third party. *Id. at* ¶20. The third party was able to download over 190 gigabytes of data from the VTech servers, exposing over 11 million VTech accounts comprised of 4.8 million customer (parent) accounts, and 6.3 million related kid profiles. Of the kid profiles, 1.2 million were Kid Connect enabled. *Id.* The information obtained by the unauthorized third party included the names, email addresses, secret questions and answers for password retrieval of parents, and the names, genders and birthdates of the children's profiles that were readily associated with the parents' accounts. *Id.* In addition, private pictures and messages made utilizing the premium Products and sent through Kid Connect were disclosed. *Id.*

Defendant has further acknowledged that the "Learning Lodge, Kid Connect and PlanetVTech databases were not as secure as they should have been." *Id.* at ¶7. In fact, VTech's security was incompetent, and demonstrated "a total lack of care [ ] in securing this data,"

allowing a security research "not much more than a cursory review of publicly observable behaviours to identify serious shortcomings that . . . could be easily exploited." *Id.* at ¶22.

Not only has the information of the Plaintiff been accessed by an unauthorized third party, but as a result of the breach, VTech has suspended the online services necessary for the full use of the Products. *Id. at* ¶¶10, 21. The Complaint is a class action brought on behalf of Plaintiff and consumers that purchased the Products and utilized the online services. Plaintiff purchased two premium VTech Innotab 3S tablets and registered for the Learning Lodge, and utilized the Kid Connect service through the purchased product. *Id. at* ¶32. In so doing, Plaintiff provided to VTech personal and sensitive data about himself and his family, including his children. *Id.* Plaintiff asserts that he was damaged as a result of the data breach of the VTech databases and that he would not have purchased the products, or paid the amounts he did, had he known of the scope of VTech's data retention practices and the inadequate security protecting the information collected by VTech. *Id. at* ¶¶33-37. In addition, Plaintiff has been denied the full use and value of the Products as a result of the suspension of the online services. *Id. at* ¶21.

## II.    PROCEDURAL HISTORY

On December 3, 2015, Plaintiff Tittle filed the initial action arising from the sale of certain VTech products that utilize VTech online services and the breach of those databases. In his complaint, Plaintiff Tittle seeks to bring claims on behalf of a nationwide class including those who provided VTech their personal information, as well as those who purchased VTech products that utilized the breached VTech online services. *Id. at* ¶¶38-41. Plaintiff Tittle's asserts damages from: (a) the data breach and the disclosure of his and his family's personal information to an unauthorized party; (b) the overpayment and/or purchase of the VTech products he purchased; (c) the loss of utility and value of the Products as a result of VTech's suspension of

the online services; (d) the continued harm from VTech possessing and storing his and his family's personal information. *Id. at* ¶¶61-63, 104, 127, 138. In order to recover for these damages, Plaintiff Tittle has asserted claims for violations of various state data breach statutes, *id. at* ¶¶54-63, violation of the Illinois Personal Information Protection Act, *id. at* ¶¶64-74, breach of implied contract, *id. at* ¶¶75-83, negligence, *id. at* ¶¶84-95, unjust enrichment, *id. at* ¶¶96-112, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, *id. at* ¶¶113-131, and for Declaratory Judgment. I*d. at* ¶¶132-138.

Also on December 3, 2015, Plaintiff Heber Bran filed a complaint against VTech and VTech Holdings Limited. *See Bran v. VTech Electronics North America, L.L.C.*, *et al.*, 15-cv-10891, Dkt. 1 (Dec. 3, 2015). Plaintiff Bran's complaint arises out of the same facts as those giving rise to Plaintiff Tittle's action, principally the sale of VTech of the Products, the solicitation and retention of consumer data by VTech, the inadequate security of the consumer data, and, ultimately the data breach and suspension of VTech's online services. Similar to Plaintiff Tittle, Plaintiff Bran seeks to bring his claims on behalf of a nationwide class consisting of individuals who provided their information to VTech that was compromised and on behalf of a subclass for the overpayment of VTech products that are tied to and benefit from VTech's online services. *Bran* Compl. at ¶51. Plaintiff Bran asserts claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act., *id.* at ¶¶58-73, breach of contract, *id.* at ¶¶74-92, unjust enrichment, *id.* at ¶¶93-100.

On December 15, 2015, Plaintiff Justin Donnell and two minors by and through Justin Donnell, filed a complaint against VTech and VTech Holdings Limited. *Donnell v. VTech Electronics North America, et al.*, 15-cv-11280, Dkt. 1 (Dec. 15, 2015). Plaintiff Donnell's complaint arises out of the same facts as those giving rise to Plaintiff Tittle and Plaintiff Bran's

complaint. Plaintiff Donnell seeks to assert claims on behalf of a nationwide class of persons whose names appear in the VTech's Learning Log [sic] Database" and all persons who purchased a VTech product and provided their personal information to VTech. *Donnell* Compl. at ¶27. Plaintiff Donnell asserts claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, *id.* at ¶¶37-57, breach of contract, *id.* at ¶¶58-66, breach of contract (breach of the covenant of good faith and fair dealing), *id.* at ¶¶67-69, breach of implied warranty of merchantability, *id.* at ¶¶70-79, negligence, *id.* at ¶¶80-85, and Declaratory Relief. *Id.* at ¶¶86-89.

On December 23, 2015, Plaintiff Sharon Dashnau filed a complaint against VTech and VTech Holdings Limited. *Dashnau v. VTech Electronics North America, et al.*, 15-cv-11620, Dkt. 1 (Dec. 23, 2015). Plaintiff Dashnau's complaint arises out of the same facts as those giving rise to the actions commenced by Plaintiff Tittle, Bran, and Donnell. Plaintiff Dashnau seeks to assert claims on behalf of a nationwide class of persons whose information "was compromised during the data breach" and those who purchased a "VTech product that connects to the Learning Lodge app store." *Dashnau* Compl. at ¶49. Plaintiff Dashnau asserts claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, *id.* at ¶¶55-69, breach of contract, *id.* at ¶¶70-84, breach of implied warranty of merchantability, *id.* at ¶¶85-93, negligence, *id.* at ¶¶94-99, and unjust enrichment/restitution. *Id.* at ¶¶100-106.

## III.     ARGUMENT

The *Bran, Donnell,* and *Dashnau* actions should be reassigned to a single judge. Reassignment of a civil case is appropriate under Local Rule 40.4 if the case is found to be "related" to an earlier-filed case, and it satisfies the conditions for reassignment set forth in Rule 40.4(b).

Under Local Rule 40.4(a), two cases are "related" if at least one of the following conditions is met:

(1) the cases involve the same property;

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the cases is or are the same

The District Court has explained that Local Rule 40.4(a) "defines 'relatedness' with a broad brush, under which any one of its four subparts, looked at disjunctively, suffices to make two or more cases 'related' to each other." *Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr.*, 714 F. Supp. 2d 901, 902 (N.D. Ill. 2010); *see also BP Corp. N. Am. Inc. v. N. Trust Invs.*, N.A., No. 08-CV-6029, 2009 WL 1684531, at *2 (N.D. Ill. June 15, 2009) ("Two cases need not be absolutely identical to be suitable for reassignment under Rule 40.4." (citation omitted)).

The *Bran, Donnell,* and *Dashnau* actions are clearly related to the *Tittle* action. All four cases arise out of the same transaction or occurrence, involve the same issues of fact or law, and seek recovery on behalf of common classes. All four complaints arise out of the same transaction or occurrence. The four complaints assert that VTech solicited and collected consumers' personal information and retained said information. The complaints are further grounded upon the access to said data by an unauthorized third party that hacked into VTech servers. The four cases involve the same issues of facts and impose the same laws for recovery. All four plaintiffs assert that the personal information retained by VTech was retained without adequate data security measures that ultimately enabled the breach of VTech's databases and the disclosure of plaintiffs' personal information to an unauthorized third party. And, the disposition of all four actions involve the same issues of law as each of the plaintiffs are similarly situated on a factual

- 6 -

basis and each has asserted overlapping sets of common and statutory law as a means for recovery, including violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, breach of contract, and negligence. Lastly, all four actions seek recovery on behalf of common classes – a nationwide class of persons who submitted their personal information to VTech and subclasses including those who purchased VTech products and utilized said services. In short, all four complaints seek to establish a data breach class and an overpayment class.

Where civil cases are related, as they are here, Local Rule 40.4(b) provides that the later-filed cases may be reassigned to the calendar of the judge assigned to the earlier –filed case if all of the following conditions are met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding

The pre-requisites for reassignment are met. First, all four cases are pending in the Eastern Division of the Northern District of Illinois. Second, the handling of all four cases together will undeniably preserve judicial resources. To begin with, "because of the overlap in issues, the handling of all four cases by one judge is likely to result in a substantial savings of time and effort." *Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002). The Court will confront similar factual issues in both cases. Moreover, with respect to discovery, "judicial resources can be conserved if similar discovery issues arise in the two cases." *BP Corp., 2009 WL 1684531*, at *3. Here, plaintiffs in all four actions will necessarily seek discovery on the same topics, for the same time period, from the same individuals, including, among other

things, discovery related to the security protocols of VTech, marketing materials used to advertise the VTech products and online services, and the documents of third parties that were involved in auditing or analyzing the data security previously implemented by VTech. Third, none of the cases has progressed to the point that reassignment to this Court's calendar would cause substantial delay. Defendants have not yet answered or responded to any of the complaints and no discovery has occurred. Finally, all four cases can be disposed of in a single proceeding. As set forth above, all four cases arise from the same set of facts, involve the same questions of law and fact, rely upon the same laws to provide relief, and seek to obtain judgment on behalf of the same common classes.

Prior to filing this motion, counsel for the moving party conferred with counsel to Plaintiffs in the *Bran, Donnell,* and *Dashnau* matter, as well as counsel to Defendants, at which time each of the counsel stated that they were not opposed to the cases being related and reassigned.

## CONCLUSION

As all of the criteria under Local Rule 40.4 are met and reassignment is unopposed, Plaintiff Tittle respectfully requests that this Court enter an order finding that the cases are related and reassignment is appropriate, and requesting that the Executive Committee reassign *Bran v. VTech Electronics North America, L.L.C., et al.*, 15-cv-1089, *Donnell v. VTech Electronics North America, et al.*, 15-cv-11280, and *Dashnau v. VTech Electronics North America, L.L.C., et al.*, 15-cv-11620 to the calendar of Judge Shah.

Dated: December 30, 2015          Respectfully submitted:

By: /s/ *Matthew T. Hurst*
       Matthew T. Hurst, Esq.


Laurence M. Rosen, Esq.
Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Ave., 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com

Christopher S. Hinton, Esq.
THE HINTON LAW FIRM
275 Madison Ave., 34th Fl.
New York, New York 10016
Telephone: (646) 723-3377
Facsimile: (914) 530-2954
chinton@hintonlegal.com

Matthew T. Hurst, Esq.
HEFFNER HURST
30 North LaSalle Street, 12th Floor
Chicago, Illinois 60602
Telephone: (312) 346-3466
Facsimile: (312) 346-2829
mhurst@heffnerhurst.com

Counsel to Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| KEN TITTLE, on Behalf of Himself and All Others Similarly Situated, | : : : | Civil Action No. 1:15-cv-10889 |
| Plaintiff, | : : : | |
| v. | : : : | |
| VTECH ELECTRONICS NORTH AMERICA, LLC, | : : : | |
| Defendant. | : : : | |

**[PROPOSED] ORDER**

Before the Court is Plaintiff Ken Tittle's Unopposed Amended Motion to Reassign Related Case. Having considered the Motion, and for good cause shown, the Court **GRANTS** the Motion and hereby enters the following Order:

1.      The Court finds that the *Bran v. VTech Electronics North America, L.L.C., et al.*, Case No. 15-cv-10891, *Donnell v. VTech Electronics North America, L.L.C., et al.*, Case No. 15-cv-11280, and *Dashnau v. VTech Electronics North America, L.L.C., et al.*, 15-cv-11620 actions are related to *Tittle v. VTech Electronics North America LLC,* 15-cv-10889 (the "Actions") as they involve some of the same issues of fact or law or the cases grow out of the same transaction or occurrence, and involve one more of the same classes. L.R. 40.4(a)(2), (3) & (4). Namely, all four Actions are putative class actions on behalf of the same class of consumers that purchased products from, and/or provided personal information to, Defendants, arising from the alleged inadequate data security of databases and online services maintained and operated by Defendants.

2.      The Actions meet the requirements of Local Rule 40.4(b) in that (1) the Actions are all pending in the Northern District of Illinois, (2) judicial resources will be conserved if the matters are resolved by the same judge, (3) the Actions are still in the pleadings phase, and (4) the Actions can be resolved in a single proceeding based on their similarity.

3.      The Court recommends to the Executive Committee that the *Bran, Donnell, and Dashnau* actions be reassigned to this Court. The *Tittle* action is currently pending before this Court and it has the lower docket number.

IT IS SO ORDERED

DATED:_____                      _____
                                                                          Hon. Manish S. Shah
                                                                          United States District Judge